UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Brown, | Case No. 23-CV-1464 (WMW/LIB) |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE** |
| Jay H. Lucas, PhD., Northshore Forensic Psychology, Dr. Travis Tomford, and NuWay, | |
| Defendants. | |

This matter is before the Court on review of Brown's applications to proceed *in forma pauperis* ("IFP"), (Dkt. 3), and review of Brown's Complaint, (Dkt. 1), pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff Shawn Brown has initiated over a dozen lawsuits in this District over the past couple of weeks. This matter is one of those lawsuits.

The Court concludes that Brown qualifies financially for IFP status. However, an IFP application will be denied, and an action will be dismissed, when an IFP applicant's complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In determining whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must

be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Brown's Complaint is nonsensical. As the Court understands it, Brown believes that Defendant Lucas obtained a life insurance policy in his name and is now a member of a group of individuals trying to stalk him. But Brown does not invoke any federal law in his Complaint.[1] Brown's conclusory allegations of stalking, malpractice, and fraud more squarely reference state tort law. But Brown has pled that all parties are citizens of Minnesota. Therefore, the Court lacks jurisdiction over these state-law claims, as well. *See* 28 U.S.C. § 1332(a). District courts, moreover, must dismiss state-law claims where, as in this case, all federal-law claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Because the federal-law claims fail to state a claim on which relief may be granted, those claims will be dismissed without

---

[1] Brown filed a 63-page exhibit along with his Complaint. To the extent that Brown invites this Court to comb through this exhibit to discern a federal cause of action on his behalf, the Court declines to do so. *See Bediako v. Stein Mart, Inc.*, 345 F.3d 835, 840 (8th Cir. 2004) (federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised").

prejudice. Further, because the Court lacks jurisdiction over the state-law claims, those claims will be dismissed without prejudice.

Finally, defendants have a right to be free from abusive or meritless litigation, and federal courts have an obligation to protect against improper litigation tactics. *See In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). The Court must also manage its own docket and ensure the expedient disposition of justice for all litigants. Towards those ends, Brown will be briefly restricted from initiating new litigation in this District absent judicial authorization or representation by counsel. This restriction will be imposed until July 5, 2023. This pause will permit the Court to evaluate Brown's many other pleadings and will afford Brown the opportunity to determine whether any of his many grievances are appropriate for litigation in federal court.

## ORDER

Based on the foregoing and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Shawn Brown's Civil Complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

2. The application of Shawn Brown to proceed *in forma pauperis*, (Dkt. 3), is **DENIED**.

3. Shawn Brown is restricted from initiating new litigation in this District unless represented by counsel or authorized by a judicial officer of this District. This restriction is imposed until July 5, 2023.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 31, 2023                    s/Wilhelmina M. Wright
                                       Wilhelmina M. Wright
                                       United States District Judge